IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS | § | **CR. NO.: B-08-556** |
| **Jose Sanchez-Quiroz** | § | |

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3).  This case has been referred, by order of the District Court, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocution.  All parties executed a waiver of the right to plead guilty before a United States District Judge as well as a consent to proceed before a United states Magistrate Judge.

On **July 01, 2008**, the defendant and counsel appeared before the Magistrate Judge, who addressed the defendant personally in open court and informed the defendant of the admonishments under Rule 11 of the Federal Rules of criminal Procedure and determined that the defendant was competent to plead guilty and fully understood said admonishments.

The defendant entered a plea of guilty to **the offense of alien unlawfully found in the United States after deportation, having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and 1326(b) as alleged in count one** of the Indictment**. The Government summarized the written  plea agreement in the presence of the defendant and his attorney**.  The Court explained to the defendant that **he** would be subject to sentencing pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission.  The Court also explained that parole had been abolished and that the defendant could receive a term  of supervised release.  The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victim

of Crime Act.

The Magistrate Judge finds the following:

1.      The defendant, with the advice of **his** attorney, has consented orally and in writing to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2.      The defendant fully understands the nature of the charges  and penalties;

3.      The defendant understands **his** constitutional and statutory rights and wishes to waive these rights;

4.      The defendant's plea is made freely and voluntarily;

5.      The defendant is competent to enter this plea of guilty;

6.      There is an adequate factual basis for this plea; and

### Recommendation

The Magistrate Court **Finds** that a plea agreement exists between the defendant and the government as follows;

In exchange for the defendants plea of guilty, the government agrees to recommend to the Court that:

1) the defendant be given full credit for acceptance of responsibility and the defendants waiver of **his** right to appeal be accepted;

2) the defendant be sentenced at the low end of the guideline level in which the defendant scores; and

3) the defendant's guideline score be reduced by two (2) point based on early plea pursuant to the government's 5k motion of the U.S. Sentencing Guidelines, unless the defendant has a previous conviction under 8 U.S.C. § 1326.

The Magistrate Court **RECOMMENDS** that the District Court accept the plea of guilty and, after reviewing the pre-sentence investigation report, enter final judgment of guilty against the defendant.

**Warnings**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are  being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battle v. United States Parole Comm'n, 834 F.2d 419 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within ten (10) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); Douglas v. United States' Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. en banc 1996).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

DONE at Brownsville, Texas, this 1st day of July, 2008.

_____

Felix Recio
United States Magistrate Judge